**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**July 27, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DEAN ALEXANDER MACK,

    Defendant - Appellant.

No. 26-6062
(D.C. No. 5:21-CR-00275-HE-8)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **MATHESON**, **MURPHY**, and **ROSSMAN**, Circuit Judges.

_____

Dean Alexander Mack pleaded guilty to one count of engaging in a drug

conspiracy, in violation of 21 U.S.C. §§ 841, 846, and one count of being a felon

unlawfully in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). These

charges were set out in a superseding information filed July 21, 2022. The

superseding information charged that the drug conspiracy took place from

approximately March 2020, until the end of March 2021. It charged that the felon-in-

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

possession crime occurred on or about March 15, 2021. Mack filed a "Motion of Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)" on January 20, 2026, requesting a sentence reduction based on "the application of the 2025 amendments to 2D1.1 & 3[B]1.2 regarding role reductions." The district court concluded Mack was basing his motion on Amendment 833, which amended the 2025 versions of U.S.S.G. §§ 2D1.1 and 3B1.2. The district court denied relief because the Sentencing Commission has not, as of yet, rendered Amendment 833 retroactively applicable. *See* U.S.S.G. § 1B1.10(b) (providing that a § 3582(c)(2) sentence reduction is only appropriate for amendments listed in U.S.S.G. § 1B1.10(d)); *id.* § 1B1.10(d) (listing amendments to the Sentencing Guidelines made retroactive by the Sentencing Commission).

This court exercises appellate jurisdiction pursuant to 28 U.S.C. § 1291. The district court correctly ruled Mack is not entitled to the requested § 3582(c)(2) sentence reduction. The appropriate resolution was, however, to dismiss, rather than deny, the motion. Thus, this court **remands** the matter to the district court to vacate its judgment and to, instead, dismiss Mack's request for lack of jurisdiction.

This court reviews a district court's legal determinations in a § 3582(c)(2) proceeding de novo. *United States v. Rhodes*, 549 F.3d 833, 837 (10th Cir. 2008). Federal courts generally lack authority to modify a defendant's sentence except when Congress expressly authorizes such a modification. *See Dillon v. United States*, 560 U.S. 817, 824 (2010). Congress granted such authority, although with important limitations, in § 3582(c)(2). Section 3582(c)(2) "requires the court to follow the

2

Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. To be consistent with § 1B1.10, any reduction must be the result of an amendment listed in § 1B1.10(d). *See* U.S.S.G. § 1B1.10(a)(1), (a)(2), (b)(1). Because Amendment 833 is not listed in § 1B1.10(d), the district court could not reduce Mack's sentence under the limited authority set out in § 3582(c)(2). *See United States v. Torres-Aquino*, 334 F.3d 939, 940-41 (10th Cir. 2003); *United States v. Avila*, 997 F.2d 767, 768 (10th Cir. 1993) (per curiam).

In response, Mack asserts district courts can grant § 3582(c)(2) sentence reductions based on changes to the Guidelines even if those changes are not made retroactive by the Sentencing Commission. In support of this proposition, Mack cites the Supreme Court's decision in *Concepcion v. United States*, 597 U.S. 481 (2022). Mack's reliance on *Concepcion* is misplaced. *Concepcion* involved a motion for a sentence reduction pursuant to the First Step Act of 2018. *Id.* at 486-88. "The First Step Act of 2018 permits a district court to reduce a sentence based on the lower statutory sentencing ranges of the Fair Sentencing Act of 2010. But it applies only to defendants who were sentenced for crack cocaine offenses committed before August 3, 2010." *United States v. Whittaker*, 777 F. App'x 938, 940 (10th Cir. 2019) (unpublished disposition cited for background and persuasive value only) (citation omitted). Because Mack's drug crime took place from 2020 to 2021, he does not qualify for relief under the First Step Act, *see id.*, and the analysis set out in *Concepcion* is inapplicable, *see United States v. Price*, 44 F.4th 1288, 1295-96 (10th

Cir. 2022). And, as *Price* makes clear, a request for a sentence reduction under the First Step Act proceeds under 18 U.S.C. § 3582(c)(1)(B), 44 F.4th at 1295-96 & n.5, while Mack's motion was specifically delineated as seeking relief under § 3582(c)(2), *see United States v. Collington*, 995 F.3d 347, 355 (4th Cir. 2021) (cited by *Price* for the proposition that in First Step Act cases courts are asked "to make substantially more robust resentencing decisions than in § 3582(c)(2) proceedings").

Although the district court correctly ruled Mack was not entitled to a sentence reduction under §3582(c)(2) because Amendment 833 has not been made retroactive by the Sentencing Commission, it should have dismissed, rather than denied, the motion. *See United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014) (stating "dismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of [the prisoner's] § 3582(c)(2) motion"); *United States v. Graham*, 704 F.3d 1275, 1279 (10th Cir. 2013) (stating "dismissal rather than denial is the appropriate disposition" when sentence reduction is not authorized by § 3582(c)(2)). Accordingly, we remand this matter to the district court with instructions to vacate the order denying Mack's motion and enter a new order dismissing Mack's § 3582(c)(2) motion without prejudice for lack of jurisdiction.

Entered for the Court

Michael R. Murphy
Circuit Judge

4